**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

IME ADMINISTRATORS, L.L.C.,

      Plaintiff,

and

RUTH DAUN GRETZINGER,

      Plaintiff-Counter-
      Defendant-Appellant,

v.

STATE OF COLORADO,
DEPARTMENT OF REGULATORY
AGENCIES, DIVISION OF
INSURANCE,

      Defendant-Third Party
      Defendant-Appellee,

and

ROBERT J. HUSSON; MARLENE
HUSSON; RMH
ADMINISTRATORS,

      Defendants-Counter
      Claimants-Third Party
      Plaintiffs-Appellees.

No. 04-1243
(D.C. No. 99-S-426)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **ANDERSON** , and **BRORBY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Ruth Daun Gretzinger appeals from the district court's dismissal of her claims against defendant-appellee State of Colorado, Department of Regulatory Agencies, Division of Insurance (the State) and the district court's refusal to allow her to add a state defendant. The State has moved to dismiss this appeal for lack of appellate jurisdiction. We grant the motion and dismiss the appeal.

The procedural history of this case spans five years. On March 4, 1999, plaintiffs Ms. Gretzinger and IME Administrators, L.L.C., commenced an action against the State and Robert J. Husson, Marlene Husson, and RMH Administrators (the Hussons) alleging copyright infringement in violation of the

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Copyright Act of 1976 and related state claims of unfair competition, misappropriation of trade secrets, inverse condemnation, conversion and unjust enrichment. On March 31, 2000, the district court granted the State's motion to dismiss with prejudice as to the copyright claim based on Eleventh Amendment sovereign immunity and without prejudice as to the remaining state-law claims. Also, that same day, the district court denied plaintiffs' motion to add an additional state defendant and to amend the complaint. On April 7, 2000, plaintiffs moved to amend and reconsider, asking the district court to address their requests for declaratory and injunctive relief with respect to the copyright claim and to reconsider its decision not to address the supplemental claims. In addition, they sought certification under 28 U.S.C. § 1292(b) for an interlocutory appeal.[1] Nearly two years later, on March 15, 2002, the district court denied the motion to amend and refused § 1292(b) certification.

On January 8, 2003, the district court granted the Husson's motion to file a third-party complaint against the State. On January 29, 2003, Ms. Gretzinger filed a notice that IME Administrators had been dissolved and a motion requesting that the district court substitute her for IME Administrators as the sole plaintiff in the case and amend the caption accordingly.

---

[1]     As of May 21, 2001, plaintiffs began proceeding pro se. We liberally construe all pro se pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Cummings v. Evans*, 161 F.3d 610, 613 (10th Cir. 1998).

Despite the notice that IME Administrators had been dissolved, on July 11, 2003, Ms. Gretzinger, IME Administrators, and the Hussons filed a joint motion for dismissal with prejudice. In a July 18, 2003 order, the district court granted the motion and noted that the action would proceed on the Hussons' third-party complaint against the State. Plaintiffs therefore had no claims remaining in the case.

On August 18, 2003, Ms. Gretzinger filed a pro se notice of appeal (No. 03-1362), on behalf of herself and IME Administrators, from the March 31, 2000 orders dismissing all claims against the State and denying permission to add an additional state defendant. This court entered an order on August 22, 2003, directing plaintiffs to have an attorney enter an appearance for IME Administrators within twenty-one days and to file within thirty days a certified copy of a district court order either granting certification under Fed. R. Civ. P. 54(b) of the claims sought to be appealed or adjudicating the remaining claims.

On October 28, 2003, the district court granted the State's motion to dismiss the third-party complaint. Also, on October 28, this court dismissed appeal No. 03-1362, because plaintiffs neither filed an entry of appearance by an attorney nor a Rule 54(b) certification within the specified time limits. *See* 10th Cir. R. 42.1.

On November 25, 2003, Ms. Gretzinger filed a renewed motion in district court seeking to substitute herself as the sole plaintiff in the action and a motion asking for certification of a final judgment pursuant to Rule 54(b). In its May 18, 2004 order, the district court, as a ministerial matter, granted Ms. Gretzinger's request to be substituted for the now non-existent corporation. The court, however, denied the request for Rule 54(b) certification as unnecessary. Ms. Gretzinger filed her second notice of appeal on June 17, 2004, indicating that she wanted to appeal from the district court's March 31, 2000 orders dismissing the copyright claim against the State, refusing to exercise supplemental jurisdiction over the state-law claims against the State, and refusing to join an additional state defendant.

The State has moved to dismiss this appeal for lack of jurisdiction. In its motion to dismiss, the State argues that Ms. Gretzinger's notice of appeal is untimely under Fed. R. App. P. 4(a)(1)(A). Under that rule, she was required to file her notice of appeal thirty days after the October 28, 2003 order disposing of the remaining claim in the case. She, however, filed her notice of appeal well beyond that time, on June 17, 2004.

Ms. Gretzinger counters that the October 28, 2003 order was not a final order disposing of all claims against all parties as is required under Fed. R. Civ. P. 54(b), because the issue of the identity of the remaining parties had not been

-5-

resolved.  She contends that although IME Administrators had been dissolved in 2002 and its rights had been transferred to her, the district court did not address this issue of parties until its May 18, 2004 order.

The May 18 order substituted Ms. Gretzinger as the only plaintiff in the action as a ministerial matter.  When the district court dismissed IME Administrators' and Ms. Gretzinger's claims against the Hussons based on the settlement, the court noted the case would proceed on the only remaining claim, the third-party complaint, which did not involve either IME Administrators or Ms. Gretzinger.  Thus, at the time the district court entered its October 28, 2003 order deciding the third-party complaint, IME Administrators was no longer a party to the action because the district court already had dismissed all claims it had brought against the defendants.  Accordingly, we reject Ms. Gretzinger's argument that the October 28, 2003 order was not a final order.

Ms. Gretzinger further argues that even if the June 17, 2004 notice of appeal is untimely because all claims had been resolved on October 28, 2003, her first notice of appeal filed on August 18, 2003 should be considered premature and, under Fed. R. App. P. 4(a)(2), treated as having been filed on the date of the entry of judgment.  Under Rule 4(a)(2), a notice of appeal filed after a court order is filed, but before judgment is entered, is treated as filed on the date of entry of judgment.  This court has held that a notice of appeal filed before all issues have

been adjudicated in the district court will ripen upon (1) adjudication of the outstanding issues regardless of whether the appellant obtains Rule 54(b) certification; (2) issuance of a Rule 54(b) certification before appellate jurisdiction is questioned or (3) issuance of a Rule 54(b) certification within the time ordered by an appellate court after the parties have been notified of the apparent jurisdictional defect. *Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (en banc).

The first two situations are not relevant to this case. With respect to the third, Ms. Gretzinger failed to obtain timely Rule 54(b) certification after receiving notice of the defective notice of appeal from this court. Her failure to do so correctly resulted in the dismissal of her appeal. *See Lewis*, 850 F.2d at 645-46. Because the appeal was correctly dismissed, the notice of appeal no longer could ripen, and she was required to file a new, timely notice of appeal to preserve appellate jurisdiction. Rule 4(a)(2) is therefore inapplicable here.

Lastly, Ms. Gretzinger asserts that it was her intent to appeal that is important, and that the technical requirements of the rules should be liberally construed to avoid injustice. The Supreme Court, however, has held that a timely notice of appeal is "mandatory and jurisdictional." *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 203 (1988). Even under liberal construction, a document must still be filed within the time limits specified by Rule 4. *See Smith v. Barry*,

502 U.S. 244, 248-49 (1992) (accepting brief as functional equivalent of notice of appeal when it was timely filed). Because Ms. Gretzinger's notice of appeal was untimely, we must dismiss her appeal. *See Budinich*, 486 U.S. at 203.

The State of Colorado's motion to dismiss for lack of jurisdiction is GRANTED. The appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge